UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AQUATECH CORPORATION,

 Plaintiff

v.

CLARK BUILDING GROUP, INC., et al.,

 Defendants

Case No.: 2:24-cv-00601-APG-DJA

**Order**

 Plaintiff Aquatech Corporation sues the defendants in this court based on alleged breaches of a UA Membership Agreement. ECF No. 1. However, clauses in the Membership Agreement suggested that this case should not have been brought in this federal court. First, section 14 requires arbitration, with some limited exceptions. ECF No. 1-1 at 13. Second, section 15(d) of the agreement provides for exclusive jurisdiction "in the Courts of the State of Nevada in the County of Clark." *Id.* at 14. Because it did not appear that this court was the proper forum, I ordered Aquatech to show cause why I should not dismiss the case. ECF No. 14.

 Aquatech responds that under section 14 of the Membership Agreement, Aquatech does not have to arbitrate its claims for money owed under the Agreement. I agree. *See* ECF No. 1-1 at 13. However, the Agreement requires Aquatech to bring such a claim "in the appropriate court (under Section 15 (d))." *Id.* Section 15(d) of the Agreement states that any claims arising out of or relating to the Agreement "shall be instituted exclusively *in* the Courts *of* the State of Nevada in the County of Clark." *Id.* at 14 (emphasis added). This Court is not a court "of the State of Nevada." It is a court of the United States. The Agreement's plain language makes that distinction as demonstrated by the last sentence of section 15(d), which states that Aquatech "has the right to file any suit against Member *in the federal or state court* where the Territory is

located." *Id.* (emphasis added).  The Territory is located in Norfolk, Virginia, not Nevada. *Id.* at 18.  Consequently, this federal court is not the proper venue for Aquatech's claims against Clark Building Group.

Aquatech asserts that it can bring its claims under the guaranty that defendant Clark Olsen signed because the guaranty does not incorporate the arbitration clause.  However, the guaranty states that the "provisions of Section 15(d) of the Membership Agreement will apply as to any interpretation or enforcement of this Continuing Guaranty Agreement." *Id.* at 24.  Accordingly, the venue restrictions of the Membership Agreement also apply to the guaranty.  Further, only Olsen is a signatory to the guaranty. *Id.* at 23-24.  Consequently, the guaranty does not solve the problem with respect to Clark Building Group.

In sum, this court is not the proper venue for this dispute.  I will give Aquatech until August 13, 2024 to file a notice whether it wants to voluntarily dismiss its claims to pursue them in an appropriate forum or whether it would prefer I transfer the case to the United States District Court for the Eastern District of Virginia.  Failure to respond to this order by that date will result in dismissal of this case without prejudice.

DATED this 2nd day of August, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE